944 F.2d 912
 22 U.S.P.Q.2d 1079
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re COOPER TIRE AND RUBBER COMPANY.
 No. 90-1377.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1991.
 
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 The Cooper Tire and Rubber Company (Cooper) appeals from a decision of the Trademark Trial and Appeal Board (TTAB) in In re Cooper Tire & Rubber Company, Serial No. 664,200 (Apr. 3, 1990). Cooper applied to register the mark THE INDY TUBE for rubber inner tubes. The TTAB refused registration of the mark. We reverse.
 
 DISCUSSION
 
 2
 The TTAB refused registration of the mark THE INDY TUBE because
 
 
 3
 when applied to its goods, [the mark] so resembles the mark INDY 500, registered by Indianapolis Motor Speedway Corporation for tread rubber for automobile tires, as to be likely to cause confusion or mistake or to deceive.
 
 
 4
 In re Cooper Tire at 1 (footnote omitted).
 
 
 5
 Prior judicial decisions set forth a list of factors which, when of record, are to be considered in testing for likelihood of confusion. Application of E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). See 15 U.S.C. § 1052(d) (1988). The basic principle in determining likelihood of confusion between marks is that marks are to be compared in their entireties and in connection with the nature of the goods or services on which they are used. In re National Data Corp., 753 F.2d 1056, 1058, 224 USPQ 749, 750-51 (Fed.Cir.1985).
 
 
 6
 Cooper does not dispute that tread rubber for tires and tire tubes are related goods. Rather, Cooper argues "that 'INDY' is an acronym for Indianapolis or is generic for a race car and a race circuit" and that viewed in their entireties, the marks are dissimilar. Appellant's Reply Brief at 2. We note that there is no evidence of a registration for a mark INDY for automotive tires, tubes or related products. Rather, the record reflects that the term "Indy" is used to generally describe a certain type of racing automobile and type of auto race. See, e.g., Appendix at 44 (newspaper headline: "Pruett Sets Sights on Indy-Car Breakthrough in 200 Today at Portland"); Appendix at 42 (newspaper graphic: "What it Costs to Operate an Indy Car"). See also Washington Post, July 11, 1991, at D.C. 1, col. 2 (headline: "Indy Race Proposal for SW Stirs Debate").
 
 
 7
 Therefore, when the TTAB described the mark THE INDY TUBE as having "the same suggestive connotation as does the [INDY 500] mark, namely that the product is of such quality as automotive products used in the Indy 500 race," In re Cooper Tire at 4, the TTAB drew an erroneous conclusion. Because of the general use of the term "Indy", the TTAB could properly have concluded only that the mark THE INDY TUBE may be suggestive of a product of such quality as automotive products used in an Indy-type race. And the evidence before us does not allow us to conclude that the term "Indy", as opposed to "Indy 500", is susceptible of exclusive appropriation. See, e.g., Appendix at 15 (registered trademark INDY AUTOMOTIVE for "automotive parts--namely ammeters and oil pressure gauges"); Appendix at 18 (registered trademark ROCKET 500 INDY for "toy racing car set"); Appendix at 20 (registered trademark INDY 800 for "coin operated electronic amusement game ...").
 
 
 8
 Further, even though we agree that in parsing the words in the marks THE INDY TUBE and INDY 500, similarities can be found, we do not agree that the marks are, in their entireties, similar as to appearance, sound, connotation and commercial impression.
 
 
 9
 The issue of likelihood of confusion is a question of law to be decided by the court based on the facts of the case. Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983). Based on the facts before us, we cannot conclude that the marks involved are, in their entireties, so similar that when applied to Cooper's rubber inner tubes applicant's mark would likely cause confusion or mistake in the minds of purchasers concerning source or origin. See 15 U.S.C. § 1052(d).